# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J. GONSALEZ,<br><br>Plaintiff,<br><br>v.<br><br>EMPLOYMENT DEVELOPMENT DEPARTMENT EDD, et al.,<br><br>Defendants. | Case No. 2:18-cv-08607 AB (ADS)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DISMISSING CASE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, including the Report and Recommendation ("R&R") dated December 26, 2018 [Dkt. No. 22], Plaintiff's Objections to the R&R ("Objections") [Dkt. No. 23], and the Declaration in Support of Objections ("Declaration") [Dkt. No. 24], and has made a de novo determination of those portions to which Plaintiff objected.

Nothing in the Objections refutes the Magistrate Judge's finding that the Court lacks subject matter jurisdiction over the Complaint in its entirety. See [Dkt. No. 22, p. 18]. As the R&R explained, the Tax Injunction Act ("TIA") prohibits Plaintiff's claims

under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO") because the Complaint seeks to restrain "the assessment, levy or collection of [a] tax under State law." [Dkt. No. 22, p. 12 (quoting 28 U.S.C. § 1341)].

In his Objections, Plaintiff argues that the TIA does not apply to his claims because "there is no law, rule, or policy that allows the multiplication of a tax assessment."[1] [Dkt. No. 23, p. 1]. However, the R&R addressed this argument, explaining that, "[t]he gravamen of the Complaint, in fact all the factual allegations, relate to Plaintiff's assertion that the EDD, through its employees, improperly assessed and collected taxes," that Plaintiff is seeking the return of the paid portion of the assessed tax and to avoid paying the remaining balance, and that "[f]or the Court to order the return of the paid tax, or compensatory damages in the same amount, the Court must declare that the taxes were wrongfully assessed." [Dkt. No. 22, pp. 11-12]. The Magistrate Judge therefore found that the Complaint in its entirety falls within the language of the TIA. [Id., p. 12].

Next Plaintiff argues that Franchise Tax Bd. v. Hyatt, 136 S. Ct. 1277 (2016) ("Hyatt II") and Franchise Tax Bd. v. Hyatt, 139 S. Ct. 1485 (2019) ("Hyatt III") support the proposition that California "has not been accommodating to a meaningful and expedient way of dealing with challenges to tax assessments." [Dkt. No. 23, pp. 3-4]. The Court understands this as an argument that the TIA does not apply because there is

---

[1] Plaintiff's repeated assertion that defendant Employment Development Department EDD's ("EDD") counsel made the statement, "there is no law, rule, or policy that allows the multiplication of a tax assessment," is not supported by the record of the hearing. Defendant EDD's counsel stated that he had not conducted any factual investigation and had no knowledge of the multiplication, but that the "multiplication" appeared to be an application of the tax assessment to multiple years.

2

no "plain, speedy and efficient remedy" available in California courts, as is required by the TIA. See 28 U.S.C. § 1341. However, neither of these cases stand for the asserted proposition, and nothing within either case overturns the Supreme Court's finding in California v. Grace Brethren Church, 457 U.S. 393, 416-17 (1982), that the tax refund procedures in California meet the "plain, speedy and efficient" standard under the TIA. See Hyatt II, 136 S. Ct. at 1283 (2016) (finding Nevada courts' application of special damages rule violated Full Faith and Credit Clause); Hyatt III, 139 S. Ct. at 1499 (holding states are immune from private suits brought in courts of other states).

Plaintiff's final arguments pertain to amendments he proposes to make in a First Amended Complaint. [Dkt. No. 23, pp. 5-7]. The R&R explained that leave to amend should not be granted because amendment would be futile. [Dkt. No. 22, p. 18]; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (affirming dismissal with prejudice where amendment could not cure complaint). The Court has also reviewed and considered Plaintiff's Motion for Leave to File First Amended Civil Rights Complaint ("Motion to File FAC"), which was filed after the issuance of the R&R, Defendants' Opposition to Motion for Leave to File First Amended Civil Rights Complaint, and Plaintiff's Reply to Defendants' Opposition to Motion for Leave to File First Amended Civil Rights Complaint. [Dkt. Nos. 25, 26, 28]. Plaintiff's Motion to File FAC includes similar arguments as the Objections and a proposed First Amended Complaint ("FAC"). [Dkt. No. 25]. However, nothing in the Objections, Motion to File FAC, or proposed FAC refute the findings in the R&R that amendment would be futile.

In the Motion to File FAC, Plaintiff states, "The new complaint maintains the counts and allegations against the same defendants from the original complaint," and adds facts and claims related to "developments that have occurred since the original

complaint was filed." [Dkt. No. 25, p. 1]. Indeed, the allegations and federal claims in the proposed FAC all relate to Plaintiff's assertion that the EDD, through its employees, improperly assessed and collected taxes. See [Id., pp. 7-26]. Further, the relief Plaintiff seeks is to restrain "the assessment, levy or collection of [a] tax under State law," depriving the Court of jurisdiction pursuant to 28 U.S.C. § 1341. See, e.g., [Id., p. 12 (seeking reimbursement for taxes levied from bank account and client and punitive damages based on amount of tax assessment)].

Plaintiff's attempt to add state tort claims based on the EDD's conduct while collecting taxes will not give rise to federal jurisdiction. Without jurisdiction over the federal claims, the Court lacks supplemental jurisdiction over Plaintiff's state law tort claims. See Herman Family Revocable Tr. v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001) (holding supplemental jurisdiction over state law claims cannot exist without original jurisdiction over federal claim).

Accordingly, IT IS HEREBY ORDERED:

1. The United States Magistrate Judge's Report and Recommendation, [Dkt. No. 22], is accepted;
2. Defendants' Motion to Dismiss is granted;
3. The case is dismissed for lack of subject matter jurisdiction without leave to amend;

4. Plaintiff's Motion to File FAC is denied; and

5. Judgment is to be entered accordingly.

DATED: September 10, 2019

_____
THE HONORABLE ANDRÉ BIROTTE JR.
United States District Judge